Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
E-mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 800-2345
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>SUISAN COMPANY, LIMITED and Does 1-5 Inclusive,<br><br>        Defendant(s). | Case No.:<br><br>**COMPLAINT—Title VII**<br>• **Race Discrimination (Black)**<br>• **Retaliation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Charging Party Ernest Sykes ("Charging Party" or "Sykes") who was adversely affected by such practices.

As set forth with greater particularity below, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Suisan Company, Limited ("Defendant") unlawfully discriminated against the Charging Party because of his race, Black, by subjecting him to racial harassment by creating and maintaining a hostile work environment and by suspending him and terminating him in retaliation for engaging in protected activities of reporting the harassment and opposing the discriminatory employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Suisan Company, Limited has continuously been a corporation doing business in the State of Hawaii and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Suisan Company, Limited has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6.      Defendant is a Hawaii corporation that operates as a broadline food distribution company on the Big Island of Hawaii, with warehouses in Hilo and Kailua-Kona.

7.      In each calendar year from 2018 through the present, Defendant has continuously employed at least 101 employees.

8.      All of the acts and failures to act alleged herein were duly performed

by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9.      Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the complaint to name each Doe defendant individually and collectively as they become known.  Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## ADMINISTRATIVE PROCEDURES

10.     More than thirty days prior to the institution of this lawsuit, Charging Party Ernest Sykes filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

11.     Defendant received a copy of the Charge and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

12.     On June 2, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

13.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices and provide appropriate relief.

14.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15.     On September 3, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation.

16.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17.   Since at least 2019, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting the Charging Party to unwelcome racial harassment. The racial harassment was sufficiently severe and pervasive to adversely affect the terms and conditions of his employment and create a hostile, abusive work environment.

    a.   Defendant hired Sykes on or about June 5, 2019, for the position of Warehouse Night Crew Member.

    b.   Sykes was supervised by the Lead Warehouse Supervisor, who supervised a crew of workers and provided feedback to higher management on the work performance of workers he supervised, which could lead to an array of disciplinary actions, up to and including termination.

    c.   On the scheduled night shift around midnight of June 27, 2019, and early hours of June 28, 2019, Sykes' Lead Warehouse Supervisor began shouting and yelling racial slurs at Sykes, which included the use of the term "nigger."

    d.   Sykes promptly completed an incident report complaining

about the Lead Warehouse Supervisor's racial harassment.

e.  Defendant tasked the Night Warehouse Manager with investigating Sykes' racial harassment complaint.

f.  Upon receiving Sykes' racial harassment complaint, the Night Warehouse Manager purportedly investigated the matter. In doing so, the Night Warehouse Manager met with Sykes on June 28, 2019, and explained that he did not believe using the term "nigger" was a problem, and repeatedly used the racial epithet during his meeting with Sykes.

g.  During a second meeting with Sykes on July 1, 2019, after having received his complaint against the Lead Warehouse Supervisor, the Night Warehouse Manager and another Supervisor both used the term "nigger" and made other derogatory comments about black people in general and joked about slavery, over Sykes' protests.

h.  On July 1, 2019, the Night Warehouse Manager suspended Sykes and on July 2, 2019, he terminated Sykes, after Sykes protested against racial harassment via a written complaint and verbally to the Night Warehouse Manager.

i.  The racial harassment by the Lead Warehouse Supervisor and

the Night Warehouse Manager was sufficiently severe and

pervasive to create a hostile work environment.

j.  Defendant is vicariously liable for the hostile work environment

created because it failed to correct harassing behavior and

instead allowed the behavior to culminate in tangible

employment actions against Sykes, specifically his suspension

and termination.

18.    Since at least 2019, Defendant engaged in unlawful employment

practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by

subjecting the Charging Party to retaliation for his engagement in protected

activities under Title VII when he complained about the hostile work environment

he was being subjected to.

a.  Sykes engaged in protected activities when he complained

about the unlawful racial harassment by the Lead Warehouse

Supervisor and the Night Warehouse Manager and requested

them to halt the harassment on June 28, 2019 and July 1, 2019,

as described in Paragraphs 17(a)-(g) above.

b.  On July 1, 2019, a few hours after the meeting with Sykes, the

Night Warehouse Manager informed Sykes that he had been

suspended and to leave work immediately, followed by his

abrupt termination on July 2, 2019.

    c.   The events described in Paragraph 18(a)-(b) constituted unlawful retaliation by Defendant against Sykes on account of his engaging in protected activities.

19.    The effect of the practices complained of above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affects his status as an employee because of his race.

20.    The effect of the practices complained of above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affects his status as an employee because of his engagement in protected activities in opposition to unlawful employment practices.

21.    The unlawful employment practices complained of above were intentional and caused the Charging Party to suffer emotional distress.

22.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of

them, from engaging in racial harassment, retaliation, and any other employment practices which discriminate on the basis of race;

B.      Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in unlawful employment practices in violation of Sections 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a);

C.      Order Defendant to make the Charging Party whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D.      Order Defendant to make the Charging Party whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E.      Order Defendant to pay the Charging Party punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F.      Award the Commission its costs of this action; and

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 23, 2021          Respectfully Submitted,

GWENDOLYN YOUNG REAMS,
Acting General Counsel
Washington, DC

LISA MORELLI,
Acting Associate General Counsel
Washington, DC

By:    _____
Anna Y. Park,
Regional Attorney
EEOC – Los Angeles District Office

NAKKISA AKHAVAN
Supervisory Trial Attorney

ERIC YAU
Trial Attorney

ATTORNEYS FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION