Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 800-2345
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>SUISAN COMPANY, LIMITED; and Does 1-5 Inclusive,<br><br>        Defendant(s). | Case No.: CV-21-00397-DKW-KJM<br><br>**CONSENT DECREE; ORDER**<br><br>The Honorable Derrick K. Watson<br>United States District Judge |

# I.

# <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendant Suisan Company, Limited ("Defendant Suisan") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant Suisan in <u>U.S. Equal Employment Opportunity Commission v. Suisan Company, Limited and Does 1-5, Inclusive;</u> Civil No. 21-00397-DKW-KJM (the "Action").  On September 23, 2021, Plaintiff filed this Action in the United States District Court, District of Hawaii, for violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* ("Title VII")*.* The Action alleges that Defendant Suisan unlawfully discriminated against the Charging Party because of his race, Black, by subjecting him to racial harassment in the form of a hostile work environment and by suspending him and terminating him in retaliation for engaging in protected activities of reporting the harassment and opposing the discriminatory employment practices.

Defendant Suisan denies all of the EEOC's allegations of discrimination, harassment and retaliation and nothing in this Consent Decree shall be construed as an admission by Suisan of any wrongdoing or liability.

## II.

## <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

A.     The Decree is made and entered into by and between the EEOC and Defendant Suisan and shall be binding on and enforceable against Defendant Suisan as well as its officers, directors, agents, successors and assigns. Collectively, the EEOC and Defendant Suisan, are referred to herein as the "Parties."

B.     "Charging Party" as used herein shall mean Ernest J. Sykes.

C.     "Defendant Suisan" as used herein shall mean Defendant Suisan Company, Limited and its employees, directors, officers, managers, supervisors, board members, owners, agents and representatives, *former, present and future*.

D.     The Parties have entered into this Decree for the following purposes:

    1.     To provide a monetary settlement;

    2.     To ensure employment practices in compliance with federal law;

    3.     To ensure a work environment free from retaliation;

    4.     To ensure training in employment discrimination law; and

    5.     To ensure appropriate record keeping, reporting, and monitoring.

E.     This Decree, as described in further detail in Section IX and X below, will be implemented by Defendant Suisan.

## III.

## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant Suisan in this Action and EEOC Charge No. 486-2019-00433.

B.     Nothing in this Decree shall be construed to limit or reduce Defendant Suisan's obligation to comply fully with Title VII or any other federal employment statute.

C.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant Suisan in accordance with standard EEOC procedures.

## IV.

## <u>JURISDICTION</u>

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair and reasonable.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## <u>EFFECTIVE DATE AND DURATION OF DECREE</u>

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that Defendant Suisan has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant Suisan, in writing, of the

nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant Suisan breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendant Suisan shall have thirty (30) days to attempt to resolve or cure any non-monetary breach. In the event of a monetary breach, the EEOC may petition this Court for resolution and seek all available relief without the need for the EEOC to first notify Defendant Suisan of any monetary breach in writing or allow time for Defendant Suisan to attempt to resolve or cure any monetary breach.

B.     After thirty (30) days have passed with respect to any breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the Court deems appropriate.

## VIII.

## <u>MONETARY SETTLEMENT</u>

A.     Defendant Suisan, will pay a total of Ninety Thousand Dollars and NO/100 ($90,000.00), to be distributed to the Charging Party ("distribution amount").  The EEOC has full and complete discretion under the terms of this Decree to determine the amounts of any payments to be distributed and the

characterization of such payments as income, wages or otherwise, as hereinafter described in this Decree.

B.    The EEOC will provide Defendant Suisan with the Charging Party's current address, the distribution amount and any relevant identifying information (hereafter "Distribution List").  Within thirty (30) days of the EEOC providing the Distribution List, Defendant Suisan and or Defendant Suisan's Insurer shall send a check or check(s) for the total monetary settlement defined in Paragraph VIII.A. The check(s) referenced herein above shall be sent to the Charging Party via certified mail, return receipt requested.

C.    The EEOC has designated the settlement amount defined in Paragraph VIII.A. above to be for non-wage compensatory damages. Defendant Suisan agrees to issue an IRS Form 1099 to the Charging Party for all monies paid to him as non-wage compensatory damages.  Defendant Suisan shall also make all appropriate reports to the Internal Revenue Service and other tax authorities. Defendant Suisan shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Charging Party.

D.    Defendant Suisan makes no representations as to the income tax or other tax consequences of the payments made pursuant to this Decree.  The Parties further acknowledge that Charging Party is solely responsible for any taxes owed on amounts paid herein.

E.      Within three (3) business days of the issuance of the settlement checks or the issuance of tax reporting forms, Defendant Suisan shall submit a copy of the checks, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

## IX.

## GENERAL INJUNCTIVE RELIEF

A.      Retaliation:

Defendant Suisan, including all managerial and non-managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Defendant Suisan, because he or she has in the past, or during the term of this Decree:

1.      Opposed any practice made unlawful under Title VII;

2.      Filed a charge of discrimination alleging such practice;

3.      Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.      Was identified as a possible witness or claimant in this action;

5.      Asserted any right under this Decree; or

6.     Sought and/or received any relief in accordance with this Decree.

B.     <u>Discrimination Based On Race</u>:

Defendant Suisan, including all managerial and non-managerial employees, are hereby enjoined from: (a) harassing or tolerating harassment of employees on the basis of their race and (b) engaging in or being a party to any action, policy or practice that is intended or is known to have the effect of harassing or intimidating any employee on the basis of their race.

## X.

## SPECIFIC INJUNCTIVE RELIEF

A.     <u>Equal Employment Opportunity Monitor</u>

Within thirty (30) days after the Effective Date, the Parties agree that Defendant Suisan will designate Jerry Chang, Esq. as an Equal Employment Opportunity Monitor ("Monitor") to monitor Defendant Suisan's compliance with Title VII and the provisions of this Decree.  Defendant Suisan shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties.  The Monitor's responsibilities shall include the following:

1.     The Monitor shall ensure that Defendant Suisan's procedures to handle complaints of discrimination/harassment and retaliation comply with its obligations under Title VII and this Decree.

2.     The Monitor shall ensure that Defendant Suisan is using its anti-discrimination/harassment and anti-retaliation policy and reporting procedure effectively to carry out its obligations under this Decree.

3.     The Monitor shall ensure that all employees are trained on their rights and responsibilities under Title VII, including, but not limited to, the responsibilities to provide a workplace free from racial harassment and retaliation.

4.     The Monitor shall ensure that all employees are trained on policies and procedures relating to discrimination/harassment and retaliation.

5.     The Monitor shall monitor Defendant Suisan's investigation of all complaints of discrimination/harassment and retaliation to ensure compliance with Title VII.

6.     The Monitor shall ensure that Defendant Suisan properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and if any remedial action was taken.

7.     The Monitor shall ensure that Defendant Suisan's reports required by this Decree are accurately compiled and timely submitted.

8.     The Monitor shall ensure that Defendant Suisan's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree.

9.    The Monitor shall ensure that Defendant Suisan creates a centralized system of tracking discrimination/harassment and/or retaliation complaints.

10.    The Monitor shall further ensure compliance with the terms of this Decree.

11.    During the term of this Decree, the Monitor shall prepare an annual report on Defendant Suisan's progress, including its compliance with the terms of this Decree and the Monitor's compliance with his/her/its responsibilities as articulated herein.

In the event that Defendant Suisan needs to nominate a new EEO Monitor at any time during the term of the Decree, Defendant Suisan shall propose a new Monitor with demonstrated experience in the area of racial harassment and retaliation issues, to the EEOC within forty-five (45) days of Jerry Chang, Esq.'s final day as EEO Monitor.  If the Commission does not approve the proposed new Monitor, the Commission shall work with Defendant Suisan to find a suitable new Monitor.  Defendant Suisan shall bear all costs associated with the selection and retention of the new Monitor and the performance of his/her/its duties.

B.    <u>Policies and Procedures</u>

Defendant Suisan shall review, revise (as appropriate), distribute, and implement its policies and procedures against discrimination/harassment and retaliation prohibited by Title VII (the "Policy").  The Policy shall include:

1.    A clear explanation of prohibited conduct;

2.      An assurance that employees who make complaints of

discrimination/harassment and/or retaliation or who provide information related to

such complaints are protected against retaliation;

3.      A clearly described complaint process for discrimination/harassment and

retaliation that provides accessible avenues of making a complaint against co-

workers, including the complainant's supervisors, that allows for complaints to be

initiated verbally, although it may require that the substance of the complaint be

recorded later in writing;

4.      An assurance that Defendant Suisan will protect the confidentiality of

discrimination/harassment and/or retaliation complaints to the extent possible from

being disclosed to those who do not need to know;

5.      A complaint process that provides a prompt, thorough and impartial

investigation;

6.      A requirement that any employee in a supervisory position who receives a

complaint of discrimination/harassment and/or retaliation, whether formal or

informal, written or verbal, report such complaint to the Monitor within 72 hours

of receiving said complaint, or in special circumstances such as weekends or

holidays, the information will be forwarded no later than the next business day

after the expiration of said 72 hours;

7.     An assurance that Defendant Suisan's disciplinary policies hold employees, managers and supervisors accountable for failing to take appropriate action or for engaging in conduct prohibited under Title VII;

8.     A procedure for communicating with the complainant in writing regarding the status of the complaint /investigation, results of the investigation, and if any remedial action was taken; and

9.     An assurance that Defendant Suisan will take prompt and appropriate corrective action when it determines that discrimination/harassment and/or retaliation occurred.

Within sixty (60) days of the Effective Date of this Decree, Defendant Suisan shall provide to the EEOC a copy of the Policy.  Within thirty (30) days of the final drafted Policy, Defendant Suisan shall ensure that it has distributed its Policy to each managerial and non-managerial employee.  Within fifteen (15) days of distribution of the Policy, Defendant Suisan shall submit to the Commission a statement confirming distribution of the Policy.  For each new managerial or non-managerial employee hired after the initial distribution of the Policy described above, Defendant Suisan shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment.

C.    <u>Training</u>

1.     Within ninety (90) days of the Effective Date of this Decree, Defendant Suisan shall provide at least two (2) hours of live and interactive training to each employee at Suisan who is in a managerial, supervisory or human resources position or has managerial, supervisory or human resources functions.  The training shall cover the Policy and federal laws regarding racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination/harassment and/or retaliation complaints should be handled and investigated, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance and job positions in writing. Within thirty (30) days before this training, Defendant Suisan shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

2.     By the end of each year after the Effective Date, and throughout the term of this Decree, Defendant Suisan shall provide another live and interactive training of at least two (2) hours in duration to each of its employees in a managerial, supervisory or human resources position or has managerial, supervisory or human resources functions.  This training shall cover the Policy and federal laws regarding

racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination/harassment and/or retaliation complaints should be handled and investigated, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance and job positions in writing.  Within thirty (30) days of each training, Defendant Suisan shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training. If no substantive changes have been made to the training materials since the last submission, Defendant Suisan will not be required to submit new training materials within thirty (30) days of the annual training.  Defendant Suisan shall submit an email or other written correspondence confirming that there are no new training materials.  Email submission of the training material is acceptable.

3.     Within ninety (90) days of the Effective Date of this Decree, Defendant Suisan shall provide at least one (1) hour of live and interactive training to all other employees covering the Policy and federal laws regarding racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination/harassment and/or retaliation complaints should be filed and

processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days before each training, Defendant Suisan shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

4.      By the end of each year after the Effective Date, and throughout the term of this Decree, Defendant Suisan shall provide another live and interactive training of at least one (1) hour in duration to all other employees covering the Policy and federal laws regarding racial harassment and retaliation, with an emphasis on what constitutes racial harassment and protected activities for the purpose of retaliation under Title VII, how discrimination/harassment and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days of each training, Defendant Suisan shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.  If no substantive changes have been made to the training materials since the last submission, Defendant Suisan will not be required to submit new training materials within thirty (30) days of the annual

training.  Defendant Suisan shall submit an email or other written correspondence confirming that there are no new training materials.  Email submission of the training material is acceptable.

D.    Record Keeping

Defendant Suisan shall establish a record-keeping procedure that provides for the centralized tracking of Title VII discrimination/harassment and/or retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1.    All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination/harassment and/or retaliation for the duration of the Decree and the identities of the parties involved;

2.    All forms acknowledging any employee or manager's receipt of the Policy as required under this Decree;

3.    All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4.    All documents generated in connection with the monitoring, counseling, or disciplining of employees whom Defendant Suisan determined to have engaged in behavior that may amount to racial harassment or be retaliatory;

5.      All documents generated in connection with Defendant Suisan's confidential follow-up inquiries into whether any complainant believes he or she has been racially harassed and/or retaliated against; and

6.      All documents generated in connection with the establishment or review of performance evaluation measures for managers, supervisors, and human resource employees.

Defendant Suisan will make the aforementioned records available to the EEOC within fifteen (15) business days following a written request by the EEOC.

E.      Performance Evaluations

For the annual review cycle, Defendant Suisan shall revise its performance evaluation forms for managers, supervisors and human resources personnel involved in the complaint handling process, who are subject to performance evaluations, to include as measures for performance compliance with the Policy. To the extent that managers, supervisors and human resources personnel are not subject to performance evaluations, Defendant shall otherwise ensure that these managers, supervisors and human resources personnel are held accountable for complying with the Policy and federal Title VII anti-discrimination and anti-retaliation laws.

F.    Posting

Within ten (10) business days after the Effective Date, Defendant Suisan

shall post the notice attached to the Decree as Exhibit A, in a clearly visible

location frequented by employees at all of Defendant Suisan's facilities within the

State of Hawaii.  The notice shall remain posted for the duration of the Decree.

G.    Reporting

Defendant Suisan, through its EEO Monitor, shall provide the following

reports annually throughout the term of this Decree beginning one year from the

Decree's Effective date:

1.    The attendance lists of all attendees for all training sessions required under

this Decree that took place during the previous twelve months;

2.    A description of all Title VII racial harassment and/or retaliation complaints

made since the submission of the immediately preceding report hereunder.  This

description shall include the names of the individuals alleging racial harassment

and/or retaliation, the nature of the racial harassment and/or retaliation, the names

of the alleged perpetrators of the racial harassment and/or retaliation, the dates of

the alleged racial harassment and/or retaliation, a brief summary of how each

complaint was resolved, and the identity of the Defendant Suisan employee(s) who

investigated and/or resolved each complaint.  If no results have been reached as of

the time of the report, the result shall be included in the next report;

3.     A confirmation that the Notice Posting requirement as set forth in Section F is in full compliance throughout the duration of the Decree;

4.     An analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person;

5.     A copy of the policy against and complaint procedure for Title VII discrimination/harassment and/or retaliation after consultation with the EEO Monitor in compliance with the Consent Decree;

6.     A summary report of Defendant Suisan's investigation into any complaint alleging Title VII racial harassment and/or retaliation.  The investigation report shall include the following for each complaint during the reporting period:

(a)     the name and title of the complaining party(ies);

(b)     the date of the complaint;

(c)     the name and title of the alleged harasser(s)/offender(s);

(d)     the name and title of the person(s) who conducted the investigation into the complaint;

(e)     the nature of the complaint (i.e. comments, acts, etc.)

(f)     the date of the commencement and completion of the investigation;

(g)     a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(h)     the outcome of the investigation and any action taken; and

(i)     whether previous racial harassment and/or retaliation complaints have been made regarding the alleged harasser(s)/offender(s).  If so, the report should also include the outcome of the prior investigations; and

7.     A report detailing the performance evaluation given to managers, supervisors and human resources personnel as described in Section E above.

All reports under this Paragraph shall be directed to:  Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.

## <u>COSTS OF ADMINISTRATION AND IMPLEMENTATION</u>

## <u>OF CONSENT DECREE</u>

Defendant Suisan shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## <u>COSTS AND ATTORNEYS' FEES</u>

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## <u>MISCELLANEOUS PROVISIONS</u>

A.     During the term of this Decree, Defendant Suisan shall provide any

potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant Suisan's locations, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

B.      During the term of this Consent Decree, Defendant Suisan shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


Date: August 18, 2022

By: Anna Y. Park
Attorney for Plaintiff EEOC


Lyons, Brandt, Cook & Hiramatsu


Date: 8/17/22

By: Malia E. Schreck
Attorney for Defendant Suisan
Company, Limited

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and

compliance with all provisions thereof is HEREBY ORDERED.

DATED:  August 23, 2022 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge